**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

_____
                                                )
CHOICE HOTELS INTERNATIONAL, INC.,              )
                                                )
          Plaintiff,                            )
                                                )          Civil Action No.:   2:17cv481
          vs.                                   )
                                                )
HARI, LLC, CHANDNI REJENDRA PATEL,              )
JITEN REJENDRA PATEL, and JANKI                 )
REJENDRA PATEL,                                 )
                                                )
          Defendants.                           )
_____)

**COMPLAINT**

**COMES NOW** the Plaintiff, Choice Hotels International, Inc., by and through its legal

counsel, and in support of its Complaint against Defendants Hari, LLC, Chandni Rejendra Patel,

Jiten Rejendra Patel, and Janki Rejendra Patel does hereby allege and aver:

**Parties**

1.      Plaintiff, Choice Hotels International, Inc. is a Delaware corporation, licensed to

conduct business in the Commonwealth of Virginia, having a principal place of business at 1

Choice Hotels Circle, Suite 400, Rockville, Maryland 20850.

2.      Upon information and belief, Defendant Hari, LLC is a limited liability company,

organized under the laws of the Commonwealth of Virginia, having a registered business address

at 1705 Timber Ridge Ct, Virginia Beach, VA 23455.

3.      Upon information and belief, Defendant Chandni Rejendra Patel is a natural

person, is a member/manager of Defendant Hari, LLC, and regularly conducts business in this

Commonwealth and District by, *inter alia*, engaging in the provision of hotel/motel services at 9740 Shore Drive, Norfolk, VA 25318.

4.      Upon information and belief, Defendant Jiten Rejendra Patel is a natural person, is a member/manager of Defendant Hari, LLC, and regularly conducts business in this Commonwealth and District by, *inter alia*, engaging in the provision of hotel/motel services at 9740 Shore Drive, Norfolk, VA 25318.

5.      Upon information and belief, Defendant Janki Rejendra Patel is a natural person, is a member/manager of Defendant Hari, LLC, and regularly conducts business in this Commonwealth and District by, *inter alia*, engaging in the provision of hotel/motel services at 9740 Shore Drive, Norfolk, VA 25318.

**Jurisdiction and Venue**

6.      This Court has both diversity and federal question jurisdiction over this case.

7.      This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00 and the parties are citizens of different States.

8.      This Court has original federal question jurisdiction over the Lanham Act claims in this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338(a).

9.      This Court has original jurisdiction in this case pursuant to 28 U.S.C. §1338(b) because this civil action asserts a claim of unfair competition joined with a substantial and related claim under the trademark laws.

10.     This Court has supplemental jurisdiction over the state and common law claims in this action pursuant to 28 U.S.C. §1367(a) because those claims are so related to the Lanham Act

claims so as to form part of the same case or controversy under Article III of the United States Constitution.

11.     Upon information and belief, each of the named Defendants has sufficient contacts with this state and district such that this Court's exercise of personal jurisdiction over them comports with traditional notions of fair play and substantial justice.

12.     Venue is proper in this Court pursuant to 28 U.S.C. §1391.

**Choice Hotels and the RODEWAY® Family of Marks**

13.     Choice Hotels International, Inc. (hereinafter, "Choice Hotels") is in the business of franchising hotels.

14.     Choice Hotels can trace its roots to the 1930's when it was comprised of a small chain of roadside hotels.

15.     Since that time, Choice Hotels has grown to become one of the largest and most successful lodging franchisors in the world.

16.     Choice Hotels is now a publically traded company with more than 6,000 franchised hotels.

17.     Choice Hotels offers high value, mid-priced, hotel and motel services under such well known brands as CAMBRIA SUITES®, COMFORT INN®, COMFORT SUITES®, QUALITY®, SLEEP INN®, CLARION®, MAINSTAY SUITES®, SUBURBAN EXTENDED STAY HOTEL®, ECONO LODGE®, and RODEWAY INN®.

18.     Choice Hotels and/or its predecessor in interest has been offering lodging services under a family of RODEWAY INN® marks since at least as early as 1981.

19.     Choice Hotels is the owner of several United States Trademark Registrations for its RODEWAY INN® family of marks.

20. Choice Hotels is the owner of United States Trademark Registration No. 1,414,584 (hereinafter, "the '584 registration") for the mark RODEWAY INN + Design for use in connection with, inter alia, the provision of motel and hotel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 1.

21. The '584 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

22. Choice Hotels is the owner of United States Trademark Registration No. 1,414,585 (hereinafter, "the '585 Registration") for the mark RODEWAY INN + Design for use in connection with, inter alia, the provision of hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 2.

23. The '585 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

24. Choice Hotels is the owner of United States Trademark Registration No. 1,669,813 (hereinafter, "the '813 Registration") for the mark RODEWAY INN for use in connection with the provision of hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 3.

25. The '813 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

26. Choice Hotels is the owner of United States Trademark Registration No. 2,463,494 (hereinafter, "the '494 Registration") for the mark RODEWAY INN & SUITES + Design for use in connection with the provision of hotel and motel services and making hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 4.

27. The '494 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

28. Choice Hotels is the owner of United States Trademark Registration No. 3,020,736 (hereinafter, "the '736 Registration") for the mark RODEWAY INN & SUITES for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 5.

29. The '736 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

30. Since the inception of their use, the service marks described in paragraphs 20 to 28 above (hereinafter, collectively, "the RODEWAY INN® family of marks"), have been used by Choice Hotels, its predecessors and franchisees only in connection with the provision of the highest value hotel and motel services.

31. Each registration identified in paragraphs 20 to 28 above remains active, valid and enforceable.

32. Choice Hotels has invested, and continues to invest, significant resources in the development, promotion and protection of the RODEWAY INN® family of marks.

33. As a result of its concerted branding efforts, the marks in the RODEWAY INN® family of marks have become widely associated, in the minds of the consuming and general public, with the goods and services offered by Choice Hotels.

34. The marks in the RODEWAY INN® family of marks are indicative to both the trade industry and consumers that items bearing, or services offered under, the RODEWAY

INN® marks originate from, or are sponsored or approved by, Choice Hotels, and constitute genuine and authentic Choice Hotels goods and services.

35.     On or about March 20, 2013, Choice Hotels entered into a Franchise Agreement with Rejendra Patel (hereinafter, "Franchisee") which permitted Franchisee to operate a RODEWAY INN® hotel franchise at 7940 Shore Drive, Norfolk, VA 23518 (hereinafter, "the Subject Property").

36.     Approximately nine (9) months later, Franchisee, with the express written consent of Choice Hotels, assigned his rights and obligations under the Franchise Agreement to his corporate entity, JJC Hotel Corporation (hereinafter, "Successor Franchisee").   A true and correct copy of the Assignment and Assumption of Franchise Agreement executed by Franchisee, Successor Franchisee, and Choice Hotels is attached hereto as Exhibit 6.

37.     Thereafter, Successor Franchisee operated the hotel at the Subject Property as a RODEWAY INN® hotel franchise.

38.     In 2015, Successor Franchise indicated a desire to assign its rights and obligations under the Franchise Agreement to Hari, LLC, Chandni Rejendra Patel, Jiten Rejendra Patel, and Janki Rejendra Patel (hereinafter, collectively, "Hari, LLC").

39.     Choice Hotels was generally amenable to the proposed assignment, and participated in the preparation of the documentation necessary to bring it to fruition.

40.     However, Hari, LLC failed to comply with its pre-assignment obligations, including failure to pay the franchise assumption fee, and, accordingly, Choice Hotels did not consent to the proposed assignment.

41.     Upon information and belief, Hari, LLC nevertheless took possession of the hotel located at the Subject Property on or about December 22, 2015.

42.     Thereafter, Hari, LLC continued, without the permission or authorization of Choice Hotels, to operate the hotel at the Subject Property under the RODEWAY INN® family of marks.

43.     Successor Franchisee's unauthorized assignment to Hari, LLC constituted a material breach of Successor Franchisee's obligations under the Franchise Agreement.

44.     Accordingly, on or about January 23, 2017, Choice Hotels issued a Notice of Termination, via FEDEX® delivery service, to Successor Franchisee.  A true and correct copy of the Notice of Termination is attached hereto as Exhibit 7.

45.     The Notice of Termination was issued as a result of Successor Franchisee's unauthorized assignment of the hotel located at the Subject Property to Hari, LLC.

46.     The Notice of Termination informed Successor Franchisee that its license to use the RODEWAY INN® family of marks had been revoked and instructed Successor Franchisee to immediately cease and desist use of any and all marks owned by Choice Hotels.

47.     The Notice of Termination specifically instructed Successor Franchisee to remove any items that bear Choice Hotels marks including, but not limited to Road/Highway Signs, Billboards, Exterior Property Signage, Interior Property Signage, Entrance Signage, Local Yellow Page Ad, Telephone Directory Listings, Airport Advertising, Lobby Display/Backdrop, Owner's Plaque, Rate/Hotel Law Cards, Stationery/Guest And Office, Shower Curtains, Soap/Amenity Package, In-Room Organizers, Cups/Glasses, Van Signs, Wireless Network Name, Towels, Welcome Rug/Mat, Uniforms/Name Tags, Ice Buckets, Guest Service Directory, Sani-Bags, Travel Directories, Phone Plate, Info Caddy, Folios, Brochures, Rack Cards, Flyers, Guest Room Door Signage, Do Not Disturb Cards, Wastebaskets, Sanitary Toilet Strips,

Pad/Pencil/Pen, Guest Comment Cards, Voice Mail, Domain Names, Social Media Sites, E-Mail Signatures,  and Telephone Faceplates.

48.     The Notice of Termination further advised Successor Franchisee that continued use of the RODEWAY IN® family of marks would constitute trademark infringement and would be dealt with accordingly.

49.     Copies of the Notice of Termination were sent to: 1) Successor Franchisee, 2) the hotel located at the Subject Property, and 3) the registered business address of Hari, LLC.

50.     Thereafter, Choice Hotels discovered that Hari, LLC continued to use the RODEWAY INN ® family of marks in, around, and in publicity for, the hotel located at the Subject Property.

51.     On or about July 31, 2017, Choice Hotels sent a Notice of Infringement, via FEDEX® delivery service, to Hari, LLC regarding their continued, unauthorized, use of the RODEWAY INN® family of marks.  A true and correct copy of the July 31, 2017 Notice of Infringement is attached hereto as Exhibit 8.

52.     The July 31, 2017 letter indicated that Choice Hotels considered the continued unauthorized use of its RODEWAY INN® family of marks by Hari, LLC to be trademark infringement and again demanded that Hari, LLC immediately cease use of the RODEWAY INN® family of marks.

53.     Hari, LLC was instructed to provide written and photographic confirmation that they had completely ceased use of the RODEWAY INN® family of marks on or before August 7, 2017.

54.     Upon information and belief, Hari, LLC did not comply with the requirements set forth in the Notice of Infringement and continues to use the RODEWAY INN® family of marks in connection with the provision of hotel services at the Subject Property.

55.     On or about August 15, 2017, a Choice Hotels representative conducted a site inspection at the Subject Property and discovered the RODEWAY INN® family of marks still in use.  A true and correct photograph of the Subject Property taken on August 15, 2017 appears below:



56.     At no time has Hari, LLC ever been authorized to use any of the marks in the RODEWAY INN ® family of marks in connection with the provision of hotel and motel services at the Subject Property.

57.     Notwithstanding, Hari, LLC has made, and continues to make, extensive unauthorized use of the RODEWAY INN® family of marks at the Subject Property.

58.     The continued use of the RODEWAY INN® family of marks by Hari, LLC has irreparably damaged, and will continue to irreparably damage, the valuable good will associated with the RODEWAY INN® family of marks.

**COUNT I**
**Infringement of Federally Registered Trademark**
**(15 U.S.C. §1114)**

59.     Paragraphs 1- 58 are incorporated by reference herein as though set forth in their entirety.

60.     Choice Hotels is the owner of a family of RODEWAY INN® marks which it uses in connection with the provision of hotel and motel services.  Included in that family of marks are at least the following United States Trademark Registrations: the '584 Registration; the '585 Registration; the '813 Registration; the '494 Registration and the '736 Registration.

61.     Choice Hotels has never licensed the RODEWAY INN® family of marks to Hari, LLC as part of any Franchise Agreement which would permit Hari, LLC to use the marks in conjunction with the operation of the hotel at the Subject Property.

62.     Nevertheless, despite receiving multiple notices regarding their use of the marks was unauthorized, Hari, LLC used, and continue to use, the RODEWAY INN® family of marks, including one or more of the federally registered marks identified in paragraph 60 above, in connection with the provision of hotel and motel services at the Subject Property.

63.     Upon information and belief, Hari, LLC had actual knowledge of the RODEWAY INN® family of marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly and deliberately used in commerce, in connection with the provision of hotel and motel services marks which are likely to cause confusion, mistake, or deception in violation of Section 32(a) of the Lanham Act, 15 U.S.C. §1114(1).

64.     The acts of Hari, LLC as described herein constitute infringement of one or more of Choice Hotels' federally registered trademarks.

65.     As a direct and proximate cause of the infringing acts of Hari, LLC, Choice Hotels has been damaged in an amount to be determined at trial.

66.     Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of Hari, LLC, and the cost of the action under 15 U.S.C. §1117.

67.     The acts of Hari, LLC as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

68.     The acts of Hari, LLC as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the good will associated with the RODEWAY INN® family of marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

## COUNT II
### Federal Unfair Competition – False Designation of Origin
### (15 U.S.C. §1125(a))

69.     Paragraphs 1- 68 are incorporated by reference herein as though set forth in their entirety.

70.     Upon information and belief, Hari, LLC had actual knowledge of the RODEWAY INN® family of marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly and deliberately used in commerce, in connection with the provision of hotel and motel services marks which are likely to cause confusion, mistake, or deception in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

71.     Such use constitutes a false designation of origin, and/or a false or misleading description and/or representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Choice Hotels and Hari,

LLC, or as to the origin, sponsorship, or approval of the services or commercial activities of Hari, LLC by Choice Hotels.

72.     As a direct and proximate cause of the acts of Hari, LLC as described herein, Choice Hotels has been damaged in an amount to be determined at trial.

73.     Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of Hari, LLC and the cost of the action under 15 U.S.C. §1117.

74.     The acts of Hari, LLC as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

75.     The acts of Hari, LLC as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the good will associated with the RODEWAY INN® family of marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

### COUNT III
### Virginia Common Law
### Trademark Infringement / Unfair Competition

76.     Paragraphs 1 – 75 are incorporated by reference herein as though set forth in their entirety.

77.     Hari, LLC engaged in unfair acts that have damaged the legitimate business of Choice Hotels; therefore those activities constitute unfair competition pursuant to the common law of Virginia.

78.     Hari, LLC have used marks in commerce in connection with the provision of hotel and motel services which are likely to create consumer confusion in the marketplace; therefore those activities constitute trademark infringement under the common law of Virginia.

79.     Choice Hotels has been damaged by the conduct of Hari, LLC as described herein and will continue to be so damaged in the absence of relief from this Court.

**WHEREFORE**, Choice Hotels prays:

A.  That each of the named Defendants, jointly and severally, their agents, servants, employees and attorneys and all those in active concert or participation with it, be permanently and forever enjoined from using any of the marks in the RODEWAY INN® family of marks, including but not necessarily limited to, the marks appearing the '584 Registration; the '585 Registration; the '813 Registration; the '494 Registration and the '736 Registration., or any mark confusingly similar thereto;

B.  That each of the named Defendants, jointly and severally, be found liable for Federal Trademark Infringement and Federal Unfair Competition resulting from its use of one or more of the RODEWAY INN® family of marks;

C.  That Choice Hotels be awarded judgment for damages against each of the named Defendants, jointly and severally, resulting from violation of Section 32(a) of the Lanham Act (15 U.S.C. §1114) and 43(a) of the Lanham Act (15 U.S.C. §1125(a)) for Federal Trademark Infringement and Federal Unfair Competition, respectively, in an amount to be fixed by the Court which in its discretion it finds just, including:

1) all profits received by Defendants from sales and revenues of any kind as a result of the actions complained of herein; and

2) all damages sustained by Choice Hotels as a result of Defendants acts of infringement and unfair competition, and that such damages be trebled; and

3) that, in light of the deliberate and willful actions of Defendants this action be designated an exceptional case, thereby entitling Choice Hotels to an award of all

reasonable attorneys' fees, costs, and disbursements incurred by Choice Hotels as a result of this action, pursuant to 15 U.S.C. §1117, and that Choice Hotels be awarded such relief;

D.  That Choice Hotels be awarded judgment for actual damages, costs and attorneys' fees as a result of Defendants' unfair and deceptive trade practices in violation of the Florida Deceptive and Unfair Trade Practices Act §501.201, *et seq*.;

E.  That Choice Hotels be awarded judgment for damages resulting from Defendants' common law trademark infringement and common law unfair competition;

F.  That this Court award any and all relief not here enumerated that this Court should deem just and equitable;

G.  That Choice Hotels be awarded the costs and attorneys' fees it incurs in this action; and

H.  That all triable issues be brought before a jury.

Dated:  September 7, 2017                    Respectfully submitted,

                                            /s/ *John M. Erbach*
                                            M.F. Connell Mullins, Jr. (Va. Bar No. 47213)
                                            cmullins@spottsfain.com
                                            John M. Erbach (Va. Bar No. 76695)
                                            jerbach@spottsfain.com
                                            SPOTTS FAIN, P.C.
                                            411 East Franklin Street, Suite 600
                                            Richmond, Virginia 23219
                                            Telephone: (804) 697-2000
                                            Facsimile: (804) 697-2100

                                            *Attorneys for Plaintiff Choice Hotels International, Inc.*